**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5877-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID W. GRAHAM, a/k/a
QUINTON PRICE, LEON
COLEMAN, DARELL GRANT,
DAVID GRANT, ALBERT
JOHNSON, JAMES D. JONES,
ANDRE MC DOWELL, ANDRE
PRICE, DARRELL ROGERS,
EUGENE HILL, PRICE QUINTON,
DAVID WILLIAMS, DARELL
ROGERS, and TIQUAN JONES,

    Defendant-Appellant.

_____

Submitted September 12, 2019 – Decided September 20, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-01-0015.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, David Graham, appeals from an order that denied without an evidentiary hearing his first petition for post-conviction relief. He argues a single point:

> THIS MATTER SHOULD BE REVERSED AND REMANDED TO THE PCR COURT FOR AN EVIDENTIARY HEARING AS IT WAS NOT ADDRESSED WHY TRIAL COUNSEL FAILED TO CHALLENGE AGGRAVATING FACTORS OR RAISE MITIGATING FACTORS WHICH WOULD HAVE REDUCED DEFENDANT'S SENTENCE EXPOSURE.

We affirm, substantially for the reasons expressed by Judge John M. Deitch in his February 12, 2018 written opinion. We add the following comments.

After a grand jury charged defendant in a five-count indictment with first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) and (2), first-degree death by auto, N.J.S.A. 2C:11-5(b)(3), second-degree eluding, N.J.S.A. 2C:29-

2

2(b), and third-degree receiving stolen property, N.J.S.A. 2C:20-7, he negotiated a plea. Defendant pled guilty to second-degree death by auto in exchange for the State's agreement to dismiss the remaining charges and recommend the maximum sentence of ten years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. During the plea hearing, Defendant admitted to the following: driving a pick-up truck while under the influence of heroin and cocaine, speeding to elude police, continuing to speed after the police stopped chasing him, and crashing into a pole and guardrail. The pick-up's passenger, defendant's girlfriend, died in the crash.

The trial court sentenced defendant in accordance with the plea. Defendant did not appeal. Two years and two months after being sentenced, defendant filed his PCR petition.

Following briefing and oral argument, Judge Deitch issued a written opinion in which he rejected defendant's claim that his sentence was illegal. Judge Deitch explained the difference between an illegal sentence on one hand and an excessive sentence on the other, determined defendant's claim was that his sentence was excessive, and rejected that claim as procedurally barred, defendant having failed to raise it on direct appeal.

The judge nonetheless considered the substance of the petition and determined defendant had not established a prima facie ineffective-assistance-of-counsel claim. Defendant had claimed his counsel was ineffective for failing to argue more strenuously at sentencing for mitigating factors and failing to object to the trial court's allegedly improper consideration of aggravating factors. As Judge Deitch noted, the trial court's sentencing decision, including its evaluation of aggravating and mitigating factors, was amply supported by the record.

Our review of the sentencing record leads us to agree entirely with Judge Deitch. We add only that defendant's speculative assertions about what might have happened had his counsel made different or more strenuous arguments are insufficient to establish an ineffective-assistance-of-counsel claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5877-17T4